```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

WILLIAM G. HEROD, JR.

                                                  06-CV-0767

        v.                                          **ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____

     This action was initially brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security (the "Commissioner") which denied plaintiff's claim for Supplemental Security Income payments pursuant to Title XVI of the Social Security Act. The matter was referred to Magistrate Judge Jeremiah J. McCarthy to make a determination of the factual and legal issues presented and to prepare and file a Report and Recommendation containing a recommended disposition of the issues raised. Plaintiff William G. Herod, Jr. ("plaintiff" and/or "Herod") brought this action on November 27, 2006 to challenge the determination of the Commissioner who found that he was not disabled within the meaning of the Social Security Act. Thereafter both the plaintiff and defendant moved for judgment on the pleadings and the parties submitted memoranda.

     By Report and Recommendation dated July 7, 2008, Magistrate Judge Jeremiah J. McCarthy found that the Commissioner's determination denying plaintiff's benefits was supported by

substantial evidence and as such granted the Commissioner's motion for judgment on the pleadings and denied the plaintiff's motion for judgment on the pleadings. Although the parties were advised of their right to file objections to Magistrate Judge McCarthy's Report and Recommendation, the potential consequences of failing to file objections, and the deadline for filing such objections, neither party has filed any objection to Magistrate Judge McCarthy's Report.

Because neither party has filed an objection to the July 7, 2008 Report and Recommendation, the parties have waived their rights to de novo review pursuant to 28 U.S.C. § 636(b)(1). See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir.2008); U.S. v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). In addition, the Second Circuit has by rule adopted the position that where the parties have received notice of the consequences of failing to object to a Magistrate Judge's Report and Recommendation, such a failure will preclude any further review of a Decision adopting a Magistrate Judge's Report and Recommendation. See Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.1989)("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); see also Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir.1988).

Magistrate Judge McCarthy found that the Administrative Law Judge ("ALJ") properly considered plaintiff's obesity in making his Residual Functional Capacity ("RFC") determination. See Report and Recommendation ("R&R"), at 14-16. In finding that Herod had the RFC to perform light work, the ALJ accorded substantial weight to plaintiff's physician, Dr. Holland. See id. Further, Magistrate Judge McCarthy found that the Appeals Council satisfied its obligation by evaluating and examining Dr. Hussain's (a one-time examining physician) assessment and finding that it did not provide an adequate basis for reversing the ALJ's decision. See R&R, at 11-14. In addition, Magistrate Judge McCarthy notes that there is no indication that Dr. Hussein was plaintiff's treating physician. See R&R, at 12. Moreover, Dr. Hussein's assessment is inconsistent with other substantial evidence in the record. See id. I find that Magistrate Judge McCarthy's recommendation is supported by the record. Because there is no clear error in Magistrate Judge McCarthy's Report and Recommendation, I adopt his July 7, 2008 Report and Recommendation in its entirety.

**ALL OF THE ABOVE IS SO ORDERED.**

  s/Michael A. Telesca  
    Michael A. Telesca  
United States District Judge

DATED:   Rochester, New York  
         August 4, 2008